IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOME DESIGN SERVICES,<br><br>            Plaintiff,<br><br>v.<br><br>ALAN V. GREN ENTERPRISES, et al.<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12-cv-00398-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

## I.      INTRODUCTION

This copyright infringement matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket Nos. 37; 47.)  Plaintiff, Home Design Services ("HDS"), alleges Alan V. Gren Enterprises, and Alan V. Gren (the "Gren Defendants") constructed multiple residences by duplicating HDS's copyrighted architectural work.  (Dkt. No. 21.)

The Court considers HDS's motion to compel the Gren Defendants to disclose their insurance agreements, or, in the alternative, to hold the Gren Defendants in contempt because their failure to disclose violated a scheduling order.  (Dkt. No. 47.)  For the reasons below, the Court **GRANTS** in part, and **DENIES** in part the motion.

## II.     STANDARD OF REVIEW FOR MOTION TO COMPEL

Parties must provide each other initial disclosures "without awaiting" discovery requests. Fed. R. Civ. P. 26(a)(1)(A).  These initial disclosures include insurance agreements.  Id.

26(a)(1)(A)(iv).  If a party fails to make required initial disclosures, any other party may move to compel such disclosure, and for appropriate sanctions.  Id. 37(a)(3)(A).

### III.   ANALYSIS OF HDS'S MOTION TO COMPEL INITIAL DISCLOSURES

On February 1, 2013, HDS filed this motion to compel the Gren Defendants to disclose their insurance agreements.  (Dkt. No. 47.)  HDS also seeks to recover reasonable expenses, including attorney's fees, incurred by filing the motion.  (Id.)  On February 8, 2013, the Gren Defendants provided HDS the insurance agreements it sought.  (Dkt. No. 55-7, Ex. G.)

#### A.  Whether Gren Defendants' Subsequent Disclosure Moots HDS's Motion

The Gren Defendants argue their subsequent disclosure moots HDS's motion to compel.  (Dkt. No. 55 at 2.)  The Court disagrees to the extent the motion relates to expenses.  If an opposing party provides disclosures *after* the moving party files a motion to compel the disclosures, "the court must . . . require . . . the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  See also Home Design Serv., Inc. v. Collard Prop., LLC, No. 11-cv-00011-MSK-BNB, 2012 WL 1801946, at *1 (D. Colo. 2012) (granting plaintiff's motion to compel where defendants produced discovery after plaintiff filed the motion "insofar as [the motion sought] an award of the plaintiff's expenses and attorney's fees . . . .").

#### B.  Whether HDS Warrants Reasonable Expenses Award

A court "must not order" an opposing party to pay the movant's reasonable expenses if the opposing party's nondisclosure was "substantially justified," or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).  See Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting "substantially justified" to mean "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person.").

The Gren Defendants oppose granting HDS its reasonable expenses. They argue they never "refused" to disclose their insurance agreements to HDS. (Dkt. No. 55 at 5.) They only sought to delay disclosure until the Court entered a protective order that allowed them to designate the insurance agreements as confidential. (Id. at 5-7.) They wanted to prevent the insurance agreements from being publicly disclosed because such disclosure would encourage similarly minded plaintiffs to bring lawsuits against them. (Id. at 6-7.)

The Court finds the Gren Defendants' desire to delay disclosure was not substantially justified, and other circumstances do not make awarding expenses unjust. The Gren Defendants' delay contradicted both federal and local civil procedure rules. Fed. R. Civ. P. 26(a)(1)(A)(iv) mandates that parties initially disclose their insurance agreements. Moreover, DUCivR 26-2(a)(1) prohibits parties from delaying confidential disclosures based on their desire to first have the court enter a protective order.[1] Indeed, the Gren Defendants acknowledge their original delay stemmed from their "unintentional ignorance" of DUCivR 26-2(a)(1). (Dkt. No. 55 at 6.)[2]

The Gren Defendants also argue that HDS's motion "could have easily been avoided had HDS agreed to" the Gren Defendants' proposed protective order, which "closely track[ed]" the standard protective order language at DUCivR 26-2. (Dkt No. 55 at 7.) The Court finds this

---

[1] If a party designates its initial disclosures as confidential, "it shall not be a legitimate ground for . . . declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) that the . . . disclosure requirement is premature because a protective order has not been entered by the court." DUCivR 26-2(a)(1). Instead, in such circumstances, a "Standard Protective Order . . . shall govern and discovery under the Standard Protective Order shall proceed." Id. This standard protective order automatically applies, and "need not be entered in the docket of the specific case." Id. On February 8, 2013, the Gren Defendants disclosed their insurance agreements under this standard protective order. (Dkt. No. 55-7, Ex. G.)

[2] This acknowledgment, and the fact the Gren Defendants disclosed the insurance agreements promptly after HDS filed its motion to compel, may serve to mitigate HDS's reasonable expenses. But this potential mitigation does not change the underlying merit behind HDS's motion to compel.

argument unpersuasive.  A party's refusal to agree to a protective order it finds inappropriate does not prohibit that party from filing a motion to compel otherwise discoverable information.

### C.  HDS's Contempt Request

On September 13, 2012, Magistrate Judge Evelyn J. Furse issued a scheduling order.  (Dkt. No. 32.)  The order reflected that the parties exchanged initial disclosures on September 7, 2012. (Id. at 2.)  Because the Gren Defendants failed to disclose their insurance agreements by that date, HDS moves this Court to find the Gren Defendants in contempt for violating this scheduling order.  (Dkt. No. 47.)[3]

If a party fails to obey a Fed. R. Civ. P. 26(f) discovery order,[4] the court "may issue further just orders" such as "treating as contempt of court the failure to obey" the discovery order.  Fed. R. Civ. P. 37(b)(2)(A)(vii).  Because the Gren Defendants eventually disclosed the insurance agreements, and because this Court orders them to pay HDS's reasonable expenses for its motion to compel, the Court finds a contempt finding unnecessary.

### IV.   ORDERS

For the reasons above, the Court issues the following **ORDERS**:

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court **GRANTS** HDS's motion to compel insofar as HDS seeks reasonable expenses, including attorney's fees, incurred in bringing its motion. (Dkt. No. 47.)  On or before April 23, 2013, HDS shall submit a memorandum of costs to the Court.  In this memorandum, HDS will specify the amounts it seeks from the Gren Defendants, their counsel, or both.  On or before May 7, 2013, the Gren Defendants may respond

---

[3] On February 25, 2013, this Court granted the Gren Defendants' motion to extend the scheduling order.  (Dkt. No. 58.)  The Court extended all deadlines in the original scheduling order by three months.  (Id. at 3.)

[4] Fed. R. Civ. P. 26(f) requires parties to confer about scheduling issues such as initial disclosures prior to a court's scheduling order.

to that memorandum. After receiving these submissions, the Court will determine an appropriate dollar amount, and enter the order against the Gren Defendants.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii), the Court **DENIES** HDS's motion to find the Gren Defendants in contempt. (Dkt. No. 47.)

Dated this 9th day of April, 2013.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge