IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOME DESIGN SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>ALAN V. GREN ENTERPRISES, et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12-cv-00398-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This copyright infringement matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket Nos. 37; 65.)  On March 23, 2013, Defendants Alan v. Gren Enterprises and Alan V. Gren (the "Gren Defendants") filed a motion to compel discovery from Plaintiff.  (Dkt. No. 64.)  Plaintiff's response was due April 8, 2013.  See Fed. R. Civ. P. 6(a)(1) (computing time periods); DUCivR 7-1(b)(3)(B) ("A memorandum opposing any motion . . . must be filed within fourteen [] days after service of the motion . . . .")  The Court now considers Plaintiff's motion for an extension of time to file its response to the Gren Defendants' motion to compel.  (Dkt. No. 65.)  For the reasons below, the Court **GRANTS** the motion.

## II.  STANDARD OF REVIEW FOR MOTION FOR EXTENSION

"[B]efore the original time" to act expires, a party may move to extend the time to act, and "the court may, for good cause, extend the time . . . ."  Fed. R. Civ. P. 6(b)(1)(A).

### III. PLAINTIFF'S MOTION TO COMPEL

On April 8, 2013, Plaintiff timely filed a motion to extend the time to file its response to the Gren Defendants' motion to compel. (Dkt. No. 65.) Plaintiff seeks until April 23, 2013 to file its response. (Id. at 2.) Plaintiff claims good cause justifies this extension. (Id.) The Gren Defendants filed their motion on a Saturday, so Plaintiff only saw the motion the following Monday. (Dkt. No. 69 at 3.) Moreover, Plaintiff's counsel had pre-existing deadlines in other cases around the same time the response was due. (Dkt. Nos. 65 at 2; 69 at 4.) Additionally, the Gren Defendants' motion involves numerous "complex substantive issues." (Dkt. No. 69 at 4.) It is over one-hundred pages long. (Dkt. No. 65 at 2.) It concerns sixteen interrogatories, as well as fifty-one document production requests that span forty years of business records. (Dkt. No. 69 at 5.)

The Gren Defendants oppose extending Plaintiff's response deadline beyond April 15, 2013. (Dkt. No. 68 at 4.)[1] In the past, they "have regularly and consistently granted Plaintiff's many requests for extensions . . . ." (Id. at 2.) However, they feel Plaintiff failed to show good cause to "effectively double the standard response time" in this matter. (Id. at 4.) The Gren Defendants emphasize, "it is critical to the[ir] [] preparation of their defenses that the Motion to Compel be timely addressed and resolved." (Id. at 3.)

### IV. ORDERS

The Court shares the Gren Defendants' concerns about the Plaintiff waiting until "the very eve of the pending deadline" to file this extension request. (Dkt. No. 68 at 4.) However, given Plaintiff's counsel's pre-existing deadlines in other cases, as well as the length and complexity of the Gren Defendants' motion to compel, the Court finds good cause for Plaintiff's request. As

---

[1] Because Plaintiff filed the current motion on April 8, 2013, this Court ordered expedited briefing to rule on the motion as close to April 15, 2013 as possible. (Dkt. No. 67.)

such, the Court **GRANTS** Plaintiff's motion for an extension to file its response to the Gren Defendants' motion to compel. (Dkt. No. 65.) Plaintiff must file its response on or before **April 23, 2013**.

It is so ordered.

Dated this 16th day of April, 2013.     By the Court:

_____
Dustin B. Pead
United States Magistrate Judge