IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HOME DESIGN SERVICES, INC., <br><br> Plaintiff, <br><br><br> v. <br><br><br> ALAN V. GREN ENTERPRISES, INC.; ALAN V. GREN, individually; ANDREWS & ASSOCIATES CUSTOM HOME DESIGN, INC.; and, LARRY F. ANDREWS, individually, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR ENTRY OF DEFAULT <br><br><br><br><br> Case No. 2:12-CV-398 TS |

This matter is before the Court on Defendants and Cross-Claim Plaintiffs Alan V. Gren Enterprises, Inc. and Alan V. Gren's (the "Gren Defendants") Motion for Entry of Default. The Gren Defendants seek a default judgment against Defendants Andrews & Associates Custom Home Design, Inc. and Larry F. Andrews (the "Andrews Defendants"). A default certificate was entered against the Andrews Defendants on February 12, 2013.

1

Under *Frow v. De La Vega*,[1] when one of several allegedly jointly and severally liable defendants defaults, "judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."[2]

As explained in *Frow*:

> The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.[3]

Admittedly, this case presents a different factual scenario than that described in *Frow*. Here, a co-defendant and cross-claimant is seeking default judgment against a defaulting cross-claim defendant. In effect, the Gren Defendants allege that the Andrews Defendants should be held liable to them for any amounts they are found to owe the Plaintiff Home Design Services, Inc. ("Home Design"), plus attorneys fees and costs expended in the course of their defense.

---

[1] 15 Wall. 552, 82 U.S. 552 (1872).

[2] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (3d ed. 2005) (citing *Frow*, 82 U.S. at 552); *see also Hunt v. Inter-Glove Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (holding that where complaint's claims were for fraud and securities violations, the plaintiff having chosen to initiate a single claim involving joint liability, "may not split its claim and proceed to damages against the defaulters and then proceed to a separate damages award against the answering defendants") (quoting *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256–58 (7th Cir. 1980)).

[3] *Frow*, 82 U.S. at 554; *see also Haines v. Fisher*, 82 F.3d 1503, 1511 (10th Cir. 1996) (holding that entry of judgment of zero against defaulting defendant was proper where jury found that no damages were proven).

A default judgment may be entered in some circumstances against severally liable defendants.[4] But the *Frow* analysis has been extended to cases where defendants have closely related defenses.[5] In this case, the Gren Defendants and the Andrews Defendants share many of the same defenses to Home Design's claims. Thus, should Home Design prove unable to prevail against the Gren Defendants, it follows that it would be unable to prove its case against the Andrews Defendants. Therefore, the Court finds *Frow* applicable and will deny the Gren Defendants' Motion without prejudice to its later refiling once the case is determined on the merits as to all the defendants.

The Court would note that this conclusion is further supported by the fact that the Gren Defendants have come forward with no evidence establishing the amount of damages they should be awarded. This is understandable, given the difficulty in calculating damages where the Gren Defendants themselves deny the allegations of Home Design's Amended Complaint.[6] If it is determined that Defendants do not owe Home Design any damages, the Gren Defendants may find it difficult to prove any damages against the Andrews Defendants.

---

[4] *See Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154–55 (3d Cir. 1986); *Carter v. D.C.*, 795 F.2d 116, 137–38 (D.C. Cir. 1986).

[5] *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (holding "it would be incongruous and unfair to allow the Trustee to prevail against Defaulting Defendants on a legal theory rejected by the bankruptcy court with regard to the Answering Defendants in the same action"); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps. Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (applying *Frow* and vacating default judgment against defaulting defendant even though defendants not jointly liable because jury found contract was not breached).

[6] *See* Docket No. 23.

It is therefore

ORDERED that the Gren Defendants' Motion for Default (Docket No. 56) is DENIED WITHOUT PREJUDICE.

DATED   May 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge