IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOME DESIGN SERVICES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREWS & ASSOCIATES CUSTOM  HOME DESIGN, et al.,<br><br>　　　　Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00398-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

## I.	INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket Nos. 37; 103.)  Plaintiff is Home Design Services.  Defendants relevant here are the Andrews Defendants: (1) Andrews & Associates Custom Home Design; and (2) Larry F. Andrews.  On August 21, 2013, Plaintiff filed a motion to compel discovery from the Andrews Defendants.  (Dkt. No. 103.)  Plaintiff also requests the reasonable expenses it incurred by filing the motion.  (*Id.*)  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

## II.	STATEMENT OF LAW FOR MOTION TO COMPEL

If one party fails to provide discovery, or provides incomplete discovery, the party requesting the discovery may move for an order compelling it.  Fed. R. Civ. P. 37(a)(1), (a)(3)(B), (a)(4).  If the court grants the motion to compel, the court "must . . . require the party . . . whose conduct

necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

### III.     ANALYSIS OF PLAINTIFF'S MOTION TO COMPEL

On September 5, 2012, Plaintiff served the Andrews Defendants interrogatories, requests for document production (RFPs), and requests for formal written responses to the RFPs.  (Dkt. Nos. 103-4; 103-5.)  The Andrews Defendants failed to timely respond within thirty days of being served with these discovery requests.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).

Between May 2013 and June 2013, Plaintiff, the Andrews Defendants, and the Andrews Defendants' prior counsel[1] exchanged several emails about the overdue discovery.  (Dkt. Nos. 103-1; 103-2.)  Consequently, on July 8, 2013, Defendant Andrews & Associates Custom Home Design produced some requested documents.  (Dkt. No. 103-3.)

Between July 5, 2013 and July 8, 2013, Plaintiff wrote to the Andrews Defendants' prior counsel to request the remaining discovery.  (*Id.*)  However, the Andrews Defendants failed to provide it.  As a result, on August 21, 2013, Plaintiff filed the present motion to compel.

Plaintiff moves to compel the Andrews Defendants to serve their interrogatory answers and their formal written responses to the RFPs.  (Dkt. No. 103 at 6.)  Plaintiff also moves to compel Defendant Larry F. Andrews to produce all documents responsive to Plaintiff's RFPs.  (*Id.*)

---

[1] On August 23, 2012, the Andrews Defendants' counsel, Kristen K. Woods, withdrew her representation.  (Dkt. No. 29.)  On February 12, 2013, the Clerk of Court entered a default certificate against the Andrews Defendants because they failed to file a notice of appearance.  (Dkt. No. 52.)

Additionally, Plaintiff moves to compel Defendant Andrews & Associates Custom Home Design to produce outstanding documents responsive to RFP Nos. 3-11, and 18.[2]

## IV.     CONCLUSION

Plaintiff has unsuccessfully sought discovery responses from the Andrews Defendants for over a year.  The Andrews Defendants never responded to Plaintiff's motion to compel to justify or excuse their failure to provide discovery.   Under such circumstances, the Court **GRANTS** Plaintiff's motion.  (Dkt. No. 103.)  *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

Within **thirty (30) days** of being served with a copy of this decision, the Andrews Defendants must respond to Plaintiff's interrogatories, document productions requests, and requests for formal written responses to the document production requests.

Under Fed. R. Civ. P. 37(a)(5)(A), the Court **GRANTS** Plaintiff's request for the reasonable expenses, including attorney's fees, it incurred by filing the motion to compel.  (Dkt. No. 103.) Plaintiff must submit a memorandum of costs to the Court by **November 14, 2013**.  In this memorandum, Plaintiff must specify the amount it seeks from the Andrews Defendants.  By **November 28, 2013**, the Andrews Defendants may respond to Plaintiff's memorandum.  After receiving these submissions, the Court will determine an appropriate dollar amount, and enter an order against the Andrews Defendants.

Dated this 31st day of October, 2013.             By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] Plaintiff describes the specific documents it seeks for RFP Nos. 3-11, and 18 in its motion to compel.  (*See* Dkt. No. 103 at 6-7.)  For brevity's sake, the Court will not repeat the descriptions here.